Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HALL, | ) Case No.: |
| | ) |
| Plaintiff, | ) VIOLATION OF THE |
| | ) TELEPHONE CONSUMER |
| v. | ) PROTECTION ACT, 47 U.S.C. §227 |
| | ) |
| SANTANDER CONSUMER USA, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

DAVID HALL ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SANTANDER CONSUMER USA, INC. ("DEFENDANT"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

- 1 -

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Yuba City, California.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 8585 N. Stemmons Frwy., Suite 1100 N, Dallas, Texas 75247.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in March 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

14. The automated calls included a pre-recorded message, "Please wait" before the calls would be transferred to representatives.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an auto loan.

16. While Plaintiff had an auto loan with Defendant, Plaintiff spoke with Defendant in March 2015 and revoked any consent that Defendant may have had to call his cellular telephone.

17. Defendant proceeded to ignore Plaintiff's revocation and continued to call his cellular telephone number through February 2016.

18. Since revoking consent Plaintiff has received approximately sixty telephone calls from Defendant.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, on and after March 2015, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DAVID HALL, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID HALL, demands a jury trial in this case.

Respectfully submitted,

DATED: June 6, 2016

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff